1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

           Plaintiff,               No. CIV S-09-0173 EFB P

     vs.

M. SHARP, et al.,               <u>ORDER AND</u>
                               <u>FINDINGS AND RECOMMENDATIONS</u>

           Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

      The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable excessive force claim against defendant Wolf.  *See* 28

1

U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Sharp, Sergeant Jones, Nappi, Krammer, Hampton, Dieter, correctional officer Jones or Martinez.  As to these defendants, plaintiff states that he has "been brought up on false charges and found guilty of false charges at numerous times by numerous correctional officers, sergeants, [and] lieutenants . . ."  Compl. at 3 (IV).  Specifically, plaintiff alleges the following: (1) on December 4, 2007, defendant Sharp falsely accused plaintiff of cursing at him, resulting in loss of time; (2) in or around May of 2008, defendant Hampton filed false accusations against plaintiff, which have not been removed from plaintiff's file; (3) in or around July of 2008, defendant Dieter filed false allegations against plaintiff, which resulted in raised custody level points; (4) in or around June of 2008, defendants Wolf, sergeant Jones, and Krammer acted together to falsely accuse and find plaintiff guilty of resisting a police officer, resulting in a loss of credits; (5) in or around August of 2008, defendant Nappi filed false charges against plaintiff, resulting in a credit loss; (6) in or around September of 2008, defendant correctional officer Jones falsely accused plaintiff of battering an inmate, which resulted in plaintiff being placed in administrative segregation for two months, even though correctional officer Jones knew that plaintiff suffers from claustrophobia; and (7) in or around December of 2008, defendant Martinez falsely charged plaintiff with battery of an officer, resulting in a referral to the district attorney.

Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In order to state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk

2

1   of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v.*

2   *McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  To state a

3   claim for the deprivation of procedural due process, plaintiff must allege a defendant deprived

4   him of a liberty interest, which may arise independently under the due process clause or as

5   freedom from state deprivation or restraint imposing "atypical and significant hardship on the

6   inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472,

7   483-84 (1995).  A prisoner has no interest in freedom from false disciplinary accusations. *Hines*

8   *v. Gomez*, 108 F.3d 265, 268-69 (9th Cir.1997).  Plaintiff's allegations are insufficient to state a

9   claim under these standards.

10          Additionally, to the extent plaintiff claims that false allegations resulted in the loss of

11   credits, his claims must be dismissed.  "[A] state prisoner's § 1983 action is barred (absent prior

12   invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of

13   the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if

14   success in that action would necessarily demonstrate the invalidity of confinement or its

15   duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing to *Heck v. Humphrey*, 512

16   U.S. 477 (1994).  Where, as here, "success in a . . . [section] 1983 damages action would

17   implicitly question the validity of conviction or duration of sentence, the litigant must first

18   achieve favorable termination of his available state, or federal habeas, opportunities to challenge

19   the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing

20   to *Heck*, 512 U.S. 477); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to a

21   prison disciplinary hearing where good-time credits were affected).  Because a loss of credits

22   affects the duration of plaintiff's sentence, such claims are barred until plaintiff invalidates the

23   results of those proceedings.

24          Finally, plaintiff's claim against defendant Martinez must be dismissed without leave to

25   amend because plaintiff concedes that he has not exhausted his administrative remedies against

26   him.  Compl. at unnumbered page 6 ("I am still in the process of exhausting 2 of the claims as to

3

1  defendant Martinez."); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating

2  that a prisoner's concession to nonexhaustion is a valid ground for dismissal).

3      The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide

4  that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

5  title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

6  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

7  This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

8  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

9  making exhaustion a precondition to judgment, but it did not.  The actual statue makes

10 exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed *in forma pauperis* in an

11 action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.

12 § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050

13 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before

14 filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to

15 exhaust.  *Id.* at 1051;  *McKinney*, 311 F.3d 1198.  Since plaintiff concedes he has not properly

16 exhausted his administrative remedies against defendant Martinez, dismissal is appropriate.[1]  *See*

17 *Wyatt*, 315 F.3d at 1120.

18     Plaintiff may proceed forthwith to serve defendant Wolf and pursue his excessive force

19 claim against only him or he may delay serving any defendant and attempt to state a cognizable

20 claim against defendants Sharp, Sergeant Jones, Nappi, Krammer, Hampton, Dieter, and

21 correctional officer Jones.

22     If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

23 defendants Sharp, sergeant Jones, Nappi, Krammer, Hampton, Dieter, and correctional officer

24 Jones, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff

25

26     [1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of
the prison grievance process.

1   elects to proceed forthwith against defendant Wolf, against whom he has stated a cognizable

2   claim for relief, then within 20 days he must return materials for service of process enclosed

3   herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all

4   claims against defendants Sharp, sergeant Jones, Nappi, Krammer, Hampton, Dieter, and

5   correctional officer Jones without prejudice.

6          Any amended complaint must show that the federal court has jurisdiction and that

7   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

8   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

9   defendant only persons who personally participated in a substantial way in depriving plaintiff of

10  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

11  subjects another to the deprivation of a constitutional right if he does an act, participates in

12  another's act or omits to perform an act he is legally required to do that causes the alleged

13  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

14  participants and allege their agreement to deprive him of a specific federal constitutional right.

15         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

16  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

17  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

18  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

19         The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

20  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

21  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

22  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

23  set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

24  *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

25  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

26  must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches,

explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any

departmental decision, action, condition, or policy which they can demonstrate as having an

adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*   An appeal must

be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

"action requested."   Therefore, this court ordinarily will review only claims against prison

officials within the scope of the problem reported in a CDC form 602 or an interview or claims

that were or should have been uncovered in the review promised by the department.  Plaintiff is

further admonished that by signing an amended complaint he certifies his claims are warranted

by existing law, including the law that he exhaust administrative remedies, and that for violation

of this rule plaintiff risks dismissal of his entire action, including his claim against defendant

Wolf.

        Finally, plaintiff has requested that the court appoint counsel.   District courts lack

authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v.*

*United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court

may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v.*

*Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

(9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

        Accordingly, the court hereby ORDERS that:

        1.  Plaintiff's request to proceed *in forma pauperis* is granted.

        2.  Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall

be collected and paid in accordance with the notice to the Director of the California Department

of Corrections and Rehabilitation filed concurrently herewith.

        3.  Claims against defendants Sharp, sergeant Jones, Nappi, Krammer, Hampton, Dieter,

and correctional officer Jones are dismissed with leave to amend.  Within 30 days of service of

this order, plaintiff may amend his complaint to attempt to state cognizable claims against these

defendants.  Plaintiff is not obliged to amend his complaint.

////

1    4.  The allegations in the pleading are sufficient at least to state a cognizable claim

2    against defendant Wolf.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall

3    provide to plaintiff a blank summons, a copy of the pleading filed January 20, 2009, one

4    USM-285 form and instructions for service of process on defendant Wolf.  Within 20 days of

5    service of this order plaintiff may return the attached Notice of Submission of Documents with

6    the completed summons, the completed USM-285 forms, and two copies of the January 20, 2009

7    complaint.  The court will transmit them to the United States Marshal for service of process

8    pursuant to Fed. R. Civ. P. 4.  Defendant Wolf will be required to respond to plaintiff's

9    allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will

10   construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective

11   claims against defendants Sharp, sergeant Jones, Nappi, Krammer, Hampton, Dieter, and

12   correctional officer Jones without prejudice.

13   5.  Plaintiff's February 23, 2009 and March 16, 2009 requests for appointment of counsel

14   are denied.

15   6.  The Clerk is directed to randomly assign a United States District Judge to this case.

16   Further, it is hereby RECOMMENDED that plaintiff's claims against defendant Martinez

17   be dismissed without prejudice for failure to exhaust administrative remedies.

18   These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

20   after being served with these findings and recommendations, plaintiff may file written

21   objections with the court and serve a copy on all parties. Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

23   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

24   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25   Dated:   June 9, 2009.

26   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

8

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT P. BENYAMINI,

11              Plaintiff,                    No. CIV S-09-0173 EFB P

12        vs.

13   M. SHARP, et al.,
                                       NOTICE OF SUBMISSION OF DOCUMENTS
14              Defendants.

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              ___1___        completed summons form

19              ___1___        completed forms USM-285

20              ___2___        copies of the January 20, 2009 Complaint

21
     Dated:
22

23                              _____
                                            Plaintiff
24

25

26