IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

      Plaintiff,                      No. CIV S-09-0173 FCD EFB P

      vs.

M. SHARP, et al.,

      Defendants.                ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is plaintiff's request for the appointment of counsel, as well as his request to dismiss all defendants except for defendant Martinez. As explained below, plaintiff's request for counsel is denied and plaintiff is ordered to inform the court whether he wishes to proceed with this action as set forth in the court's June 9, 2009 order, or whether he wishes to voluntarily dismiss this action without prejudice to commencing a new action.

**I.    Request for the Appointment of Counsel**

      On June 16, 2009, plaintiff requested that the court "halt" the docket until he is appointed an attorney. Dckt. No. 15 at 2. The request is construed as a motion to appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances,

the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

**II.     Request to Dismiss All Defendants Except for Defendant Martinez**

On June 30, 2009, plaintiff informed the court that he "would like to drop all charges from the defendants as [he is] being retaliated [against] and that goes for all defendants encluding [sic] C.O. Wolf to be dismissed whithout [sic] prejudice."[1]  Dckt. No. 16 at 1.  Plaintiff added that he would like his "charges against C.O. J. Martinez readmitted as a battery upon [plaintiff]," adding that he has exhausted his administrative remedies as to his claim against Martinez.  *Id.*

While plaintiff may voluntarily dismiss this action pursuant Rule 41(a)(1), the court cannot "readmit" Martinez as a defendant, as plaintiff requests.  On June 9, 2009, the court issued findings and recommendations, which recommended that defendant Martinez be dismissed because plaintiff conceded that, at the time he filed this action, he had not exhausted his administrative remedies as to his claims against Martinez.  Dckt. No. 11 at 3-4.  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198,

---

[1] On June 9, 2009, the court found that the complaint stated a cognizable claim as to defendant Wolf, but not as to any other defendant.  The court gave plaintiff 20 days to submit materials for service of process on defendant Wolf, or, alternatively, 30 days to file an amended complaint to attempt to state cognizable claims against the other defendants.  The times for acting have passed and plaintiff has not submitted the materials necessary to serve process, nor has he filed an amended complaint.  However, it appears from plaintiff's June 30, 2009 filing that he wishes to abandon all claims except for those alleged against defendant Martinez.  In an abundance of caution, the court will order plaintiff to clarify how he wishes to proceed in this action.

1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. Thus, it is of no consequence that plaintiff may now have completed the exhaustion process as to his claims against defendant Martinez, because section 1997e(a) requires exhaustion before the action is filed, and not while the action is pending. *McKinney*, 311 F.3d at 1199; *Vaden*, 449 F.3d at 1051. Assuming plaintiff has now exhausted his administrative remedies as to his claims against Martinez, he may commence a new civil rights action based upon those claims.

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's June 16, 2009 motion for appointment of counsel is denied.

2. Plaintiff has 21 days from the date of this order to either file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), or to comply with the June 9, 2009 order. Failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to send to plaintiff a copy of the June 9, 2009 order and to terminate docket number 16.

Dated: December 17, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE