IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

    Plaintiff,                      No. CIV S-09-0173 FCD EFB P

    vs.

M. SHARP, et al.,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 9, 2009, the court found that the complaint stated a cognizable claim against defendant Wolf but not as to any other defendant. The court gave plaintiff 20 days to submit materials for service of process on defendant Wolf, or, alternatively, 30 days to file an amended complaint to attempt to state cognizable claims against the additional defendants. The times for acting passed and plaintiff did not submit the materials necessary to serve process, nor did he file an amended complaint.

    However, petitioner did file a request for counsel and a request to dismiss all defendants except for defendant Martinez. The court addressed those filings by order dated December 17, 2009. The court also directed plaintiff to, within 21 days, "file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), or [] comply with the June 9, 2009 order." Dckt. No. 19 at 3. The

1

court warned plaintiff that failure to comply with the order "will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b)." *Id.* Once again, the times for acting have passed, and plaintiff has not complied with or otherwise responded to the court's order.

On December 23, 2009, however, plaintiff requested that the court grant a preliminary injunction that would require correctional officers to take polygraph examinations. Dckt. No. 20; *see also* Dckt. No. 6, 7. Because of plaintiff's failure to respond to the court's orders, however, the court has not been able to order service upon defendant Wolf or any other defendant in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Putting aside the merits of plaintiff's motions for a preliminary injunction, the court recommends that they be denied because no defendant has appeared in this action and the court cannot issue an order against individuals who are not parties or are not acting in concert with parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions for a preliminary injunction, Dckt. Nos. 6, 7, 20, be denied; and

2. This action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE